CASE 93—PRACTICE—FEBRUARY 5, 1884.

# Martin's adm'r v. Martin's heirs, &c.

### APPEAL FROM FLOYD CIRCUIT COURT.

1. Under *subsection 7 of section 737, Code of Practice,* if an appellant chooses to file a partial transcript of the record, he must file in the office of the clerk of the circuit court his assignment of errors and a schedule "showing concisely what parts of the record he wishes to have copied," and must cause notice of the filing thereof to be served on the appellees.

2. Failing to do this, the case will be dismissed.

### UPON MOTION TO DISMISS APPEAL.

W. S. HOSKINS AND W. LINDSAY FOR APPELLEES.

Appellant filed a partial transcript of the record, and failed to give the notice provided for in subsection 7, section 737, Code of Practice.

It is clear that without such notice appellees can not show what part of the record appellant asked to have copied, and the appeal should be dismissed

### AGAINST MOTION TO DISMISS APPEAL.

T. B. BROWN AND A. DUVALL FOR APPELLANT.

It is perfectly obvious that *subsection 7, section 737,* of the Code has no application to a case like this.

Did the appellant "choose" to file a partial transcript? The law gives him no choice. He has been guilty of no *laches*. He presented his assignment of errors to the judge, who thereupon ordered the clerk to copy such parts of the record as in view of the alleged errors he (the judge) deemed material. (Subsection 2, section 737, Civil Code.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action to settle the estate of a decedent in pursuance of chapter 3, title 10, Civil Code. The appellant, as required by subsection 2, section 737, Civil Code, presented his assignment of errors to the judge of the circuit court, wherein the judgment appealed from was rendered, who, by indorsement on the assignment, ordered the clerk of that court to copy specified parts, but not all, of the record; and the appellant filed, in the office of the clerk,

the assignment and directions of the judge. No notice of the filing thereof was served on the appellees and returned to said clerk's office, and for that reason they have moved to dismiss the appeal, and their motion must be sustained.

This appeal was granted by the clerk of this court, and according to subsection 7 of section 737, whenever an appellant, to whom an appeal is granted by the clerk of the Court of Appeals, chooses to file a transcript of a part only of the record, he shall file in the office of the clerk of the inferior court *his assignment of errors and schedule similar to that above described, and shall cause notice of the filing thereof* to be served on the appellees and returned to said office as a summons is directed to be served and returned.

While it is true that the appellant must obtain from the judge, in cases of this character, his order directing the clerk what parts of the record to copy, the subsection requiring this to be done does not dispense with the notice to the appellees required by subsection 7, and it has been construed (78 Ky., 72–73) as intending to prevent the subjection of parties to the payment of unnecessary costs for copying the entire record when not material.

This being the object of requiring the judge to make out the schedule, the subsection requiring him to do it should not be so construed as to go beyond its purpose and give the judge arbitrary power over the subject of appeals from his judgments, which would be the case if no law existed whereby the appellees could have additional parts of the record brought up when material. The judge might be in error, in the schedule he orders, as to what parts and how much of the record is material, and appellant's construction of the subsections named would force their adversaries to try upon the parts erroneously selected by the judge, no-

matter how prejudicial to their rights, nor whether they wished to pray a cross-appeal or not. If the appellees have no opportunity to complete the material parts of the record as allowed by subsection 7, a cross-appeal might be of little use. Every party has the right to a trial in this court on all the material parts of the record by which the cause was heard in the inferior court, and we must presume that the provisions of the Code were intended to accomplish that end, and unless a construction which would prevent the enjoyment of that right is authorized by the express letter of the Code, we can not adopt it.

Subsection 7 seems to be a necessary addition to subsection 2 when a part only of the record is filed by the appellant, and by so construing it the appellee will have an opportunity of applying to the judge for an additional schedule; and if the appellee file cross-errors, the appellant may in the same way file an additional schedule. If the judge should refuse to order all the parts of the record material to the issues raised by the assignments of error, a party prejudiced by his action could, at the hazard of paying costs, if mistaken, bring up any part or all of the record which the judge refused to order. This we believe to be the proper construction of subsections 2 and 7 of section 737, because the language of the latter embraces all schedules described in any part of section 737 above or preceding it, where the appeal is granted by the clerk of the Court of Appeals, and the appellee will have the right to notice and an opportunity to produce the material parts of the record on which the issues sought to be retried were heard.

Motion sustained.